**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frederick G. RAYMOND,
Defendant-Appellant.**

**No. 80–1664.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 12, 1981.

Decided and Filed Nov. 13, 1981.

Rehearing Denied Jan. 14, 1982.

Erwin A. Rubenstein, Rubenstein, Isaacs, Lax & Bordman, P. C., Southfield, Mich., John K. Lynch, Cleveland, Ohio, for defendant-appellant.

James K. Robinson, U. S. Atty., Detroit, Mich., M. Carr Ferguson, Asst. Atty. Gen., Robert E. Lindsay, James P. Springer, Tax Division, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before EDWARDS, Chief Judge; LIVELY, Circuit Judge; and HOLSCHUH,* District Judge.

PER CURIAM.

The defendant appeals from his jury conviction of willfully attempting to evade the payment of income taxes due for the years 1973, 1974 and 1975, 26 U.S.C. § 7201. The government's case was based on a "net worth" reconstruction of taxable income for the years in issue.

---

* The Honorable John D. Holschuh, Judge, U. S. District Court for the Southern District of Ohio, sitting by designation.

■ The primary argument for reversal is that the government failed to follow leads beneficial to the defendant and improperly excluded certain assets in determining net worth. Our examination of the record fails to reveal any instance in which the government failed to follow leads beneficial to the defendant. When analyzed these leads either were never given during the government's investigation or, if given, were checked out by IRS agents.

The claim that the government wrongfully failed to include assets in the net worth statement refers principally to a parcel of real estate described as "9261 Field." This real estate was mortgaged for $25,000 by the defendant and on the same date he transferred the property to himself and his nephew as joint tenants with right of survivorship. In investigating these transactions the government determined that the nephew was making all the mortgage payments, though defendant was the sole obligor on the mortgage note. We conclude that it was reasonable to omit the property from the assets on the net worth statement and to omit the mortgage from the liabilities, given the ambiguous nature of the transaction with respect to "9261 Field." The jury heard the witnesses for both sides on this issue, including the defendant and his nephew, and found defendant guilty for 1973, the year in which the "9261 Field" transactions took place. We find no error in this determination. Other claims of omitted assets are not supported by the record.

■ It is also argued that willfulness was not proved because some of the items and transactions upon which the government based its case involved areas of legal uncertainty. The short answer to this contention is that the government is required to make a total reconstruction of taxable income and a total recomputation of tax due in a net worth case. The fact that some features of such a case relate to clear cut issues of tax law while some involve contested issues does not vitiate the entire case for the prosecution by foreclosing a finding of willfulness. The question of willfulness was submitted to the jury under instructions to which no objection was made.

The court has also considered the contentions of the defendant that the court committed reversible error by denying both of his attorneys an opportunity to participate in closing argument and that he was deprived of a fair trial by reason of comments contained in the argument for the government. We conclude that there was no reversible error in either respect.

The judgment of the district court is affirmed.